603 F.2d 213
 204 U.S.P.Q. 353, 1978-81 Copr.L.Dec. 25,073
 Unpublished Disposition
NOTICE: Second Circuit Local Rule 0.23 states unreported opinions shall not be cited or otherwise used in unrelated cases.
Charles Merrill Mount
v.
The Viking Press, Inc., Publishers
 No. 79-7033.
 United States Court of Appeals, Second Circuit.April 6, 1979.
 
 Before MOORE, FRIENDLY and MESKILL, Circuit Judges.
 
 
 1
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York, and was argued by appellant pro se and counsel for appellee.
 
 
 2
 This is an appeal from a judgment entered in the United States District Court for the Southern District of New York, John M. Cannella, Judge, granting summary judgment in favor of appellee Viking Press and dismissing the pro se complaint of appellant Mount pursuant to Fed.R.Civ.P. 56 and 12. Mount, the author of a book entitled "Monet," alleged in his complaint that his copyright in that book had been unlawfully infringed by a book published by the defendant named "Monet: Le Dejeuner sur l'Herbe," written by Joel Isaacson. The complaint also alleged that Mount had been libeled in two books published by the defendant, one being the Isaacson book and the other a book entitled, "Art Fakes in America," by David L. Goodrich. The complaint also alleged that the defendant conspired to steal Mount's copyrights and to libel him.
 
 
 3
 As to the copyright infringement count of the complaint, it is conceded that Isaacson had "access" to appellant's works--he knew of and even cited appellant's biography of Monet in his own work. The question before us on appeal, therefore, is whether there has been an infringement. "Copyright infringement will be found only when there is 'substantial' or 'material' copying, appropriation or taking of the copyrighted work." Gardner v. Nizer, 391 F.Supp. 940, 943 (S.D.N.Y.1975). Put in another way, "[a]ll [appellant's] copyright gives [him] is the right to prevent plagiarism." Ricker v. General Electric Co., 162 F.2d 141, 142 (2d Cir.1947). In a case such as this one, where one book is devoted to the examination of the entire life of a painter and another book is devoted specifically to one of that painter's paintings, such plagiarism is difficult to show. The essential historical facts are necessarily the same, the contents of the two books will necessarily and lawfully resemble one another at certain points, and the language used to express both the facts and the author's opinions on such matters is "more or less stereotyped language." Riker v. General Electric Co., supra, 162 F.2d at 142. Thus, the remarks of Judge Chase in Oxford Book Co. v. College Entrance Book Co., 98 F.2d 688, 691 (2d Cir.1938), are particularly relevant to this appeal:
 
 
 4
 For the foregoing reasons no need exists for analyzing in detail the fairly numerous places in the text in each book where substantially the same thing on the same subject has been said in different words. That was proper enough and, indeed, inevitable if both books were to serve their purpose. They had to contain the more important facts of history. This being so, no sound reason remains for saying that the accused book in its text is a copy of any substantial part of the copyrighted book. True it is that at times one or more descriptive words used in the plaintiff's book are utilized to describe the same thing in the defendant's but in no material respect are the same words gathered together sufficiently to show that the copyrighted work was copied. Mere similarity of phraseology which has, indeed, become more or less stereotyped in some respects ... is a weak support for a charge of infringement.
 
 
 5
 Moreover, noting that "where, as here, the determination of similarity rests solely on a comparison of the works in issue ... 'we are in as good a position as the trial judge' to determine the issue," Reyher v. Children's Television Workshop, 533 F.2d 87, 90 (2d Cir.1976), it is our judgment that, viewing the two works together, there has been no substantial or material copying here. Nor is it our view that the variations in expression are due to Isaacson's alleged shrewdness in disguising his clever copying--"such an explanation is beyond the bounds of all probability." Ricker v. General Electric Co., supra, 162 F.2d at 144. Accordingly, summary judgment on this count of the complaint was properly entered, and we affirm. See Gardner v. Nizer, supra; Ricker v. General Electric Co., supra.
 
 
 6
 Appellant's libel claim was clearly time-barred. Guaranty Trust Co. v. York, 326 U.S. 99 (1945); N.Y.C.P.L.R. Sec. 215(3); Gregoire v. G.P. Putnam's Sons, 298 N.Y. 119, 126, 81 N.E.2d 45 (1948). The Goodrich book was released for sale in November of 1973; the Isaacson book in September of 1973; the complaint was filed in February of 1975. Even if these allegations were not time-barred, it appears from the record that appellant signed a settlement agreement releasing claims against the Goodrich book, and two prior state court actions against the Goodrich book were dismissed on the merits. The portions of the Isaacson book cited as libelous constituted "fair comment."
 
 
 7
 Given the above, the conspiracy count was properly dismissed.
 
 
 8
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.